## SUPERIOR COURT

No. 608

SANTANGELE v. CINCINNATI (City), et al.

Superior Court of Cincinnati,

No. 59087. Decided.

187. BUILDINGS.—1. Building permit does not create any vested rights or a contract.

2. Building Commissioner may revoke building permit where application contains misrepresentations.

874. ORDINANCES, Zoning.—Where a zoning ordinance is enacted after revocation of building permit, a subsequent permit is subject to this zoning ordinance.

2. Zoning ordinance of Cincinnati held legal.

3. A zoning ordinance which places reasonable restrictions upon property is constitutional and proper.

MARX, J.

John Santangele brought an action to enjoin the Building Commissioner of Cincinnati from interfering with him in making certain alterations in his building and opening a delicatessen, vegetable and grocery store therein. In April 1924 plaintiff applied to the Building Commissioner of Cincinnati for permission to change the double door of a garage in a building purchased by him to a show window and to change a small window to a door for the purpose of using said building for store purposes. The Building Commissioner granted this permit in April of the same year. In May, 1924, the Building Commissioner revoked the permit previously granted to the plaintiff and all work on said building was ordered stopped.

Between the time of granting the permit and the time of its revocation the so called Zoning Ordinance of Cincinnati, par 7, 1924, became effective. The Commissioner in his answer claimed that the plaintiff had misrepresented the facts in that he had wilfully misstated the name of the contractor who was to do the work, claiming that a disreputable contractor was doing the work wherein on the application plaintiff had given the name of a very reputable contractor. In holding the ordinance valid and in denying the plaintiff the relief prayed for, the court held:

1. A building permit does not constitute a contract or create any vested interest.

2. The Building Commissioner of the City of Cincinnati has jurisdiction and discretion to revoke a building permit granted by him when the application contains material misrepresentations or, the work authorized thereunder is proceeding in violation of law including the Occupational Tax Law.

3. Where a building permit is granted prior to the effective date of the Zoning Law and is revoked by Building Commissioner after said law goes into effect, subsequent permission to proceed is subject to the provisions of such Zoning Law when substantial construction has not already commenced.

4. The Cincinnati Zoning Law, (Ordinance No. 71-1924, of Cincinnati, Ohio,) is a valid and constitutional Ordinance.

5. The provisions of the Cincinnati Zoning Ordinance are independent and the provision thereof restricting residential property from invasion by business enterprises is a reasonable regulation well within the police power of the municipality.

Attorneys.—Roettinger & Street, for Santangele; Saul Zielonka and Landon Forchheimer, for City of Cincinnati, et al.

## COMMON PLEAS COURT

No. 609

STATE v. PAPANIA

Common Pleas, Stark Co.

No. 7173. Decided June 6, 1925

229. CHATTEL MORTGAGES—1. When an automobile is seized and sold under 6212-43 GC.; lien of a chattel mortgage is valid, altho mortgage not filed, and the mortgagee is entitled to distribution of the proceeds.

2. A fine and seizure takes no preference over an unfiled chattel mortgage, as does an attachment.

3. All liens created without lienors notice of proposed illegal use of the auto, are to be paid according to priorities.

KRAPP, J.

F. W. Papania was charged with transporting intoxicating liquor in an automobile; said liquor and automobile were seized and upon the plea of guilty, it was ordered that the automobile be sold under provisions of 6212-43 GC.

The Colonial Finance Co. filed an intervening petition, and it developed that the machine was sold to Papania by the dealer who took a chattel mortgage as part payment. This mortgage was transferred to the Finance Co., it passing through the regular procedure in its office of filing and indexing, and then it was mailed to the County recorder of Clark County for filing.